UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

CHRISTIN SECUNDINO RUIZ,

Defendant.

12-CR-281

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the

particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is

outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall

indicate the specific reasons for imposing a sentence different from that provided by the

Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a

statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than

mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must

still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191,

197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific

statement explaining why the Guidelines range did not account for a specific factor or factors

under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a

statement should demonstrate that the court "'considered the parties' arguments' and that it has a

'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v.*

*Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338,

356 (2007)) (alterations in original).

On May 17, 2012, Christian Secundino Ruiz pled guilty to a lesser-included offense within the first count of a two-count indictment. The first count of the indictment charged that on March 26, 2012, within the Eastern District of New York and elsewhere, defendant Ruiz knowingly and intentionally imported cocaine into the United States, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(B)(ii).

Ruiz was sentenced on December 6, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 17 and defendant's criminal history category to be category I, yielding a Guidelines range of imprisonment of between twenty-four and thirty months. The offense to which the defendant pled guilty carries a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). The maximum fine that could have been imposed was $1,000,000. *See id.*

Ruiz, who has already served approximately eight months in prison, was sentenced to time served. A special assessment of $100 was imposed, as well as a supervised release term of three years.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-Guidelines sentence under 18 U.S.C. § 3553(a) and *Booker.*

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). The offense to which the defendant pled guilty is an extremely serious one. On March 26, 2012, defendant Ruiz flew from the Dominican Republic to the United States. He arrived at John F. Kennedy International Airport with three suitcases hiding cocaine, discovered through a routine customs inspection.

Other considerations, however, support the imposition of a non-Guidelines sentence. The defendant is thirty-two years old, a citizen of the United States, and has a 7th grade education. He comes from a good, supportive family and has had a decent upbringing. When possible, he has held employment both here and during his extended stays in the Dominican Republic, and also held a job while in prison. His family provided him with financial support when he was unemployed. Defendant received his General Education Development ("GED") diploma while incarcerated, successfully passing the exam on the second attempt. His continued efforts and persistence in completing the GED program demonstrate his good character and work ethic. His mother, one of his primary care-givers growing up, has a number of health problems now and needs his assistance at home. Social workers assisting defense counsel have put together a detailed report to prepare Ruiz for his re-integration into the community upon his release. The report, along with defendant's consultations with his social workers in putting it together, suggests that he has a good chance of successful re-entry into society. Further incarceration is not called for.

A sentence of time served will promote respect for the law, and will provide just punishment. *See id.* § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the term

3

of imprisonment already served. Specific deterrence is of less importance in this case because the defendant appears clearly remorseful for his criminal behavior.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 6, 2012
       Brooklyn, New York